Council, be aware this is a recording device, it's not a microphone. You have to compete with LaSalle Street, so keep your voices loud so we can all hear you. I will do. Good morning, your honorables. My name is Michael Harold Cole, I represent the appellate in this case. As you said, you've already read the briefs and are familiar with them, and I do not intend to be repetitive. The only thing that I basically am going to address is the issue as it relates to the mortgage law. And when I say mortgage law, of course I'm talking about the Illinois Mortgage Act, which allows a plaintiff to bring an action against a particular defendant. In this particular case, I don't think that act was followed. And the reason why I do not think it was followed is because the plaintiff in his complaint specifically says that he is suing as the plaintiff, as opposed to suing as an agent, which the law allows him to do. By this particular plaintiff stating that that was his position, well, he really didn't give the court, the lower court, any standing. Why does that not give the lower court standing because he said, what he said, because he didn't say he was an agent? It doesn't give him standing because he must plead either as a plaintiff or an agent. That's the law. And he pleaded as a plaintiff, is that correct? He pleaded as a plaintiff. But he was not a plaintiff. He was not a plaintiff. But he was an agent, is that correct? He really didn't even state that he was an agent. But didn't your client sign a mortgage note that indicated that he had the right to sue and to foreclose? Well, he signed a mortgage note, but that doesn't obfuscate the law. I mean, it doesn't make the law none effect. The point I'm making, however, Your Honor, is that in order for this particular plaintiff to bring this action, he either had to state that he was a plaintiff, that he had some economic interest in this particular case, which he did not do, or that he had an assignment of the note, which he did not do. So by his failure to state those two situations does not make him a plaintiff in this case. And I might add, by him not adding the fact that he was suing as an agent, then we can't even really lodge our defenses against the particular person. How can we lodge our defenses against the principal when the agent is not saying he's an agent? So therefore, we can't even lodge our defenses. Sir, I would just like to ask you a question. MERS filed the mortgage foreclosure action and your client did not answer, is that correct? Well, my client didn't answer because No, I'm not saying because. Okay, okay. My client didn't answer, right? No, she didn't answer. There was a default judgment entered. Yes. Then without the answer, doesn't your client admit the allegations of the complaint? No. That's not the law, sir? No. That they would admit the allegations of the complaint? You don't admit the allegations of the complaint, particularly when it comes to jurisdiction. That's our issue. Well, jurisdiction can be waived, can't it? No, jurisdiction cannot be waived. Jurisdiction is something that the court must have. I know for purposes of standing, the issue of standing, can't standing be waived unless you object to it and answer? I don't believe so. My position is it can't be waived. And the reason why my position is it can't be waived is because the court can't make a ruling without standing and without issues before it. It was waived for lack of standing and waived for lack of issues. There was really no parties in dispute. That's our position. And, counsel, what is the effect of the fact that your client defaulted if the allegations, I mean, you say in your own, okay, if the default allows an admission of the allegations that have been brought against you, and one of the allegations in the complaint was that your opponent was, in fact, had standing and position in order to bring suit, then has your client not then admitted that allegation, whether you're saying now it's not true, but was that allegation admitted by your client? Well, I've said that all along, consistently, that my client's default in and of itself does not, I should say, give the court jurisdiction to hear the issue. And the reason being is because the pleadings were not correct. He either had to say that he The pleadings are correct or incorrect. Does the default not admit the allegations? The default does not admit jurisdiction. That's the issue I'm concerned about. Are not the allegations admitted? Well, the allegations are admitted when you default, yes. And if one of the allegations is that your opponent had standing to sue, that he was the plaintiff in the suit, then is not that allegation admitted? Well, with all due respect, Your Honor, that's not what the plaintiff did. The plaintiff did not say that he had standing, because it didn't plead that he was the plaintiff. It did plead he was the plaintiff, which he wasn't. That's what you said. Which he wasn't. So he said his allegation was that he was the plaintiff. That's what his complaint says. And that allegation is admitted by virtue of your client's default, then does that not confer upon him standing in order to sue? No, it doesn't. Because the law does not allow that. What case says that it doesn't? Well, I've cited the cases. But if I can just find it here, because I've got this abbreviated. Okay, let's see. The case is Village of Chatham, Illinois v. County of Sangamon, Illinois. There's 216, Illinois 2nd, 403, 837 Northeast 2nd, 29, page 40. And then you've got… What does that case say? I'm sorry? How does that case support your position? It supports my position by saying that if the plaintiff don't plead, either that he's the plaintiff, in other words, he's got an economic interest in the case, or he is the agent for the principal, then the court don't have jurisdiction. And it's a void judgment that was in it. And as the court very well knows, a void judgment can be attacked at any time. I think, John, I want to reserve the rest of my time, if I may, unless you have further questions. Then for me. I don't have any, sir. Thank you, sir. Okay, thank you. Counsel? Good morning, your honors. I'm Doug Oliver. I cannot hear you. Can you hear me all right? It's not on mic. It's just recorded. What did you say? Douglas Oliver for appellee. I apologize, your honors. It's okay. As the appellee sees this case in terms of standing, we believe that what the appellant is doing is confusing two issues regarding jurisdiction. Justice ability and standing. And justice ability in Illinois law is not waivable. That has to do with whether the court has the power to hear the class of cases that encompass the matter before it. And since the Illinois Constitution of 1970 defines that very broadly, we consider Illinois district courts to be courts of general jurisdiction and not limited jurisdiction like federal courts. And therefore, justice ability is determined through pleadings. Standing, however, is an affirmative defense, and it can be waived if not pledged as an affirmative defense, which is what happened in this case. And the Illinois Supreme Court has said exactly that in completely unequivocal terms in Greer v. Illinois Housing Authority, which I cited and which I'm sure the court is familiar with. In addition to that, one issue that we think is important is that the appellant in this case is allowing that MERS would still meet the definition of mortgagee as that is set out in the Illinois Mortgage Foreclosure Law. Because what they're saying is you need to be specific as to whether you're an assignee or the holder or just in what capacity you're bringing suit. And what did you do? Did you all represent that you were the agent? No, what we did, Your Honor, was borrowing exactly the language from the form complaint. At paragraph 3 of our complaint, it states capacity in which plaintiff brings this suit, legal holder of the indebtedness. That is an exact quote, legal holder of the indebtedness from among the choices provided by the Illinois legislature in properly pleading a foreclosure complaint. And 1504B says that if you plead in conformity with the form complaint set out in 1504A, you have pled a valid complaint. If we can't follow that statute and have jurisdiction, then I just don't see how we get to that. You're finished? Yeah, I guess so. Okay. To continue, there's also the matter of contract that's impliedly involved here. It does say in the mortgage, as we pointed out in our brief, that the parties agreed when they signed the mortgage that MERS could be the plaintiff in a foreclosure case. And, in fact, it is. All of the rest of the arguments that the defense that Appellant in this case is making have to do with facts that were never established and are really, in truth, being argued outside the record, that MERS is not a holder of notes, that MERS is a registration system that only acts in a certain way. Now, I don't want to argue outside the record, so I'm not going to. But if we were to do that, I'm confident that we wouldn't have problems. However, the point is that if somebody wants to come before this court and say that in the lower court sufficient allegations of standing were made because my general knowledge of your client prevents that conclusion being reached, that's not good enough. Your opponent says that you were not the legal holder of the note. Your opponent says that MERS was not the legal holder of the note and that you therefore misrepresented your status in your complaint. Judge, may I answer that question with a question? Please. That's why I asked it. Based on what? So you can answer it. Based on what? It says based on the fact that you didn't attach any kind of documents to show that you were the promissory note, indicated that it was another person who held the indebtedness and not you, but that you represented in the complaint that you were the holder of the indebtedness. Well, the Illinois mortgage foreclosure law takes into account that. The general legal framework of notes is the Uniform Commercial Code, and it doesn't require you to plead your proofs. It only says that you have to state what your status is and attach the note and the mortgage, and that's exactly what we did. The Illinois legislature has predetermined that that's enough to start a foreclosure complaint. Now, does that mean that a defendant couldn't challenge those allegations, that they could not deny them, that they could not seek discovery to test the accuracy of your pleading? They could do all of that, but in this case they didn't. So now what we're being asked to do is explain why we didn't prove facts in response to defenses and issues that were never raised. I think that's the reason why we have the rule that when you default, you admit the allegations of default. Otherwise, we're letting the defense sit by and not defend the case, and only then, when it reaches a stage of extremely advanced procedure, start asking basic questions about the foundation of the pleading, which leads me to my third point that I consider to be extremely important from the athlete's point of view, and that is that once a motion to confirm a sale is filed, that the court is required to hear that, that it is no longer allowed to decide based on whether it should just vacate the judgment. And in the Lewis case, which we cited in our brief, the Supreme Court was unequivocal about that, that when, and based exactly on the statutory language of 1508, in response to a motion to confirm sale, the court must hear that motion and confirm or deny based on the four. Now, there is a lot of leeway in that statute. If the court wanted to hear similar arguments that might be made under 213.01, it could, because the Lewis case also says that that statute confers broad discretion on the court to confirm or deny a sale. But the issue is not whether the judgment should be vacated. It's whether the sale should be confirmed and whether justice was, quote, otherwise done. What I would say to this court is if there was a real problem with justice and with the integrity of the process, even where we followed the law to the letter as far as pleading and so forth, then we would know that because it would mean that somebody else was claiming to own this note and somebody else would be trying to collect it. But that isn't being alleged, and I believe it's not being alleged because there's really no actual problem. Have you responded to the Appellant's argument? They say that the defendant did not owe the plaintiff any money and the plaintiff, nor did the plaintiff purchase the promissory note, and therefore you did not have standing. And you're saying that you have capacity to sue in a nutshell, even in light of those things, those instances. That's a secondary argument, though, Your Honor. The fact is we pled in our complaint that VERS is the legal holder of the indebtedness, the exact opposite of what the defendant sued. They're raising those facts now in opposition without having developed them in response to the pleading. You're saying they're raising them without having developed them. Well, to reiterate my earlier point, we say we're the legal holder of the indebtedness. And they say you're not. They didn't deny that. The way we do these things is with pleadings, and we did that. They didn't deny it. But now how is it that I am to explain a lack of proof on an issue where we never had a contention from the other side except after the case was practically over? So you're saying they only raised those issues on the appellate level? Well, they raised them below but without raising any facts to support them, just making fair assertions without having answered and therefore having judicially admitted the allegation right here in paragraph 3, capacity in which the plaintiff brings this suit, legal holder of the indebtedness. Again, the exact language. And you're saying they admitted that by virtue of the default? That's correct. Okay. Thank you. Rebuttal? Yes. Thank you. Counsel, a test on this. I'm going to test on the brief. We did raise these issues. We raised them in a 214-01 petition. That's what started this litigation. And that was a petition to vacate not only the judgment but the confirmation of the sale. So those facts were before the court. They weren't just bare assertions. In fact, those facts were taken from the plaintiff's complaint where the plaintiff states that they are the plaintiff in the case because they're owed the debt. And as Your Honor was actually noted, they're not owed the debt. They weren't owed the debt then. They're not owed the debt now. And secondly, they didn't plead by the mortgage statute. I think that trumps that particular statute is supposed to be followed, you know, per se. In other words, you can't deviate from that statute. Sir, can you just tell me how they didn't follow the statute? If the Illinois Mortgage Foreclosure Law says you can plead in various ways and they use the exact language of the statute to plead their interest in the foreclosed property and then after that was filed, your client did not respond. The law is that well-pleaded facts that are not denied are admitted. So there was a default. So there was an admission that they were who they said they were in terms of the mortgage, the relationship, the holder of the note in the case. So there was a judgment entered on that. What have they not done that they were supposed to do? And again, I'm going to get to the point to once they filed it just the way the statute says, once your client failed to answer and defaulted and these matters were deemed admitted, doesn't your failure to raise the issues that you're raising now, the issue of jurisdiction based upon a lack of standing, isn't that waived because you didn't raise it? I'm not understanding what you're claiming if they did everything that the statute says and everything that the case law says that they should do and your client should do if they want to stop them from getting the mortgage foreclosed and the sale confirmed. I can answer that. And my answer is simply this, that they didn't do what they were supposed to do as it relates to the statute. The statute gives them several ways of pleading their interest. One is the holder of the note and they pled that they were the holder of the note. But they're not the holder of the note. That's a factual dispute. It didn't answer that. And then it's admitted that they are the holder of the note. But they're not the holder of the note and I raised that issue. Now, granted I raised the issue, you know, late with respect to file 214.01, but I still raised that particular issue, which you're allowed to do under the law. Secondly, I also raised the issue that they didn't claim that they were the agent of the principal. You have to understand, Your Honor, what that in effect does. What it does is it denies us the right to even contest their position. The right to answer, sir. No, no, I'm saying, I'm saying, I'm saying, even if they don't plead that they're the agent and they plead that they're the holder of the note by virtue of this contract, which, you know, I don't think the particular contract trumps the statute. It's just language that's put in these particular documents so MERS can basically, you know, service the loan. That's basically all that's for, for them to service the loan, not to actually give them ownership in the property. So you don't have to own the property. No, no. Or foreclose it, sir. I understand that. I understand that. But I'm talking about the right to even bring the action. Just speaking of the contract, doesn't the contract that your client had with the lender say that MERS can also foreclose in the place of the lender? I mean, isn't that language in that contract? It's not, it's not specifically that, that the, the language specifically says that they can foreclose. It says specifically that they can service. That's what it says, that they can service. In other words. Isn't that just what I'm, I, on page three of the mortgage, doesn't it say that MERS as nominee for the. I don't have my brief. I'm sorry. Okay. I promise I read it. So this is what it says. No, I know. On the third page of the mortgage, it provides that MERS as nominee for the lender, and I'm just skipping a few words, has the right to exercise certain rights, including, and I'm skipping, the right to foreclose. It's in the contract that your client signed. Yeah, but the statute says, I'm not saying they don't have the right to foreclose. I never said that. I never even said that in my brief. What I've said is the statute says that they have to plead in a particular way in order to foreclose. They have to plead. They can't plead if they're the holder of the note, because that, in fact, as you said, is a factual issue. But I raised that issue, that they, in fact, did not have an interest in the note. I raised that at the lower level. And moreover, I also raised that since they don't have an interest in the note, then the only other way that they could foreclose is as an agent of the principal. And obviously, they did not do that. And, of course, I realized my client foreclosed. I mean, you know, defaulted. I'm sorry. But that only admits, you know, that they have the right to foreclose. It doesn't admit that the statute grants them the right to foreclose. And that's our position. Thank you. All right. Thank you, counsel. This matter will be taken under advisement. This court is adjourned.